UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AZUCENA VASQUEZ LOPEZ,

Petitioner,

v.

JULIO HERNANDEZ, BRUCE
SCOTT, MARKWAYNE MULLIN,
UNITED STATES DEPARTMENT
OF HOMELAND SECURITY, and
TODD BLANCHE,

Respondents.

C26-0775 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)     The motion, docket no. 13, brought by respondents Julio Hernandez, Markwayne Mullin, United States Department of Homeland Security ("DHS"), and Todd Blanche (collectively, "federal respondents"), which seeks reconsideration of the Order entered April 13, 2026, docket no. 10, and amendment of the related Judgment entered April 15, 2026, docket no. 12, is GRANTED in part and DENIED in part.  The Order at issue precludes respondents from re-detaining petitioner Azucena Vasquez Lopez, or subjecting her to electronic monitoring, "without at least seven (7) days' advance written notice and a pre-deprivation hearing before a neutral decision-maker unless probable cause exists for believing petitioner has committed or is attempting to commit a criminal offense."  *See* Order at 11, ¶ 5 (docket no. 10).  The Judgment directs respondents to comply with the terms of the Order entered April 13, 2026, docket no. 10.  *See* Judgment (docket no. 12).  According to federal respondents, under 8 U.S.C. § 1231, they should be permitted to take petitioner into custody without any pre-deprivation process if an order

MINUTE ORDER - 1

of removal becomes administratively final.  Counsel for petitioner disagrees and explains that, when a petition for review of an administratively final order of removal is filed, the United States Court of Appeals for the Ninth Circuit automatically imposes a stay of removal and DHS's detention authority remains guided by the provisions of 8 U.S.C. § 1226, not 8 U.S.C. § 1231.  To the extent that federal respondents argue to the contrary, their motion lacks merit.  *See* 8 U.S.C. § 1231(a)(1)(B)(ii)&(2)(A) (indicating that detention is authorized "[d]uring the removal period," which commences, if the removal order is judicially reviewed and stayed, when the appellate court issues its final order).  Thus, federal respondents' motion as crafted is DENIED, but in light of petitioner's concession, *see* Resp. at 1–2 (docket no. 16), Paragraph 5 of the Conclusion in the Order entered April 13, 2026, docket no. 10, is AMENDED to provide that (additional text is double-underlined):

> Respondents shall not re-detain petitioner, or subject petitioner to electronic monitoring, without at least seven (7) days' advance written notice and a pre-deprivation hearing before a neutral decision-maker unless (a) probable cause exists for believing petitioner has committed or is attempting to commit a criminal offense, or (b) petitioner is subject to an order of removal that is both administratively and judicially final within the meaning of 8 U.S.C. § 1231(a)(1)(B) for purposes of computing the removal period referenced in 8 U.S.C. § 1231(a)(2).

(2)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 23rd day of June, 2026.

Joshua C. Lewis
Clerk

s/Grant Cogswell
Deputy Clerk

MINUTE ORDER - 2