UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AZUCENA VASQUEZ LOPEZ,

Petitioner,

v.

JULIO HERNANDEZ, BRUCE SCOTT, MARKWAYNE MULLIN, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and TODD BLANCHE,

Respondents.

C26-0775 TSZ

ORDER

THIS MATTER comes before the Court on petitioner's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), docket no. 21. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**Background**

On April 13, 2026, the Court granted habeas relief and directed that petitioner Azucena Vasquez Lopez be released from custody at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC"). *See* Order (docket no. 10). Petitioner was released from the NWIPC the following day, and judgment was entered in

petitioner's favor on April 15, 2026. Judgment (docket no. 12). On June 23, 2026, upon motion filed by respondents other than Bruce Scott, the Court amended the judgment in a manner that petitioner conceded was appropriate. See Minute Order (docket no. 17). No appeal has been filed, and the Order and Judgment, as amended, are final for purposes of EAJA. See 28 U.S.C. § 2412(d)(1)(B)&(2)(G).

Pursuant to EAJA, petitioner seeks $12,328.54 in attorney's fees and $5.00 in costs. See Ex. A to Becker Decl. (docket no. 25-1). The requested attorney's fees reflect at total of 47.7 hours devoted to this matter by four different lawyers employed by the Northwest Immigrant Rights Project ("NWIRP"), to be compensated at the statutory rate of $258.46 per hour. See id. Respondents U.S. Department of Homeland Security ("DHS"), DHS Secretary Markwayne Mullin, Acting Director Julio Hernandez,[1] and Attorney General Todd Blanche (collectively, "federal respondents") do not dispute that, as required by EAJA, petitioner is a "prevailing party" or that the pending motion for attorney's fees and costs was timely filed. See Resp. at 2 (docket no. 23). They also do not challenge the reasonableness of the amount of attorney's fees and costs sought by petitioner. See id. at 1–9. They argue only that (i) EAJA does not waive sovereign

---

[1] Whether Julio Hernandez remains the Acting Director for the Seattle Field Office of U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") is unclear. In other cases, Andre Quinones has been substituted pursuant to Federal Rule of Civil Procedure 25(d), but in this matter, the federal respondents have not sought such substitution. See Resp. at 1 n.2 (docket no. 23) (indicating that Secretary Mullin and Attorney General Blanche have assumed roles previously occupied by Kristi Noem and Pamela Bondi, respectively, but providing no update concerning the Acting Director for the Seattle ICE ERO Field Office); see also Order at 1 nn.1–2 (docket no. 10).

immunity with respect to the fees reasonably necessary for a retained attorney to assist a petitioner obtain habeas relief, and (ii) the federal respondents' position was "substantially justified" and thus EAJA fees are not permitted. Neither contention has merit.

**Discussion**

EAJA requires the Court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought . . . against the United States . . . , unless . . . the position of the United States was substantially justified or . . . special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). As indicated in a prior ruling refusing to delay consideration of a motion brought under EAJA until after the Supreme Court issues a decision in *Montoya Palacios v. Liggins*, the Court has already concluded that, under binding Ninth Circuit jurisprudence, EAJA permits an award of attorney's fees to a petitioner who prevails in an immigration habeas mater. *See* Minute Order at ¶ 1 (docket no. 19) (citing *Mena Torres v. Hernandez*, No. 25-5772 TSZ, Order (docket no. 37) (W.D. Wash. Aug. 31, 2026)); *see also* *In re Hill*, 775 F.2d 1037, 1041 (9th Cir. 1985); *Carranza v. Hernandez*, No. 26-cv-1044, 2026 WL 2797289, at *4, ¶ 2 (W.D. Wash. Sept. 18, 2026) ("While Respondents' argument that EAJA fees are not available in habeas actions is preserved for appeal, it is foreclosed by Ninth Circuit precedent that remains binding unless overruled or displaced by higher authority that is clearly irreconcilable."); *Soriano v. Hernandez*, No. 26-cv-900, 2026 WL 2582790, at *1 (W.D. Wash. Sept. 1, 2026) (concluding that an immigration habeas matter is a "civil action" under EAJA, and "EAJA's waiver of sovereign immunity applies for purposes of

attorney fees"). Sovereign immunity is not a bar to petitioner's request for attorney's fees and costs under EAJA.

In contesting the pending EAJA motion, the federal respondents bear the burden of showing that both petitioner's continued detention and their litigation position were "substantially justified." See Toktosunov v. Wamsley, No. 25-cv-1724, 2026 WL 972349, at *3, ¶ 4 (W.D. Wash. Apr. 8, 2026) (quoting Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013) ("It is the government's burden to show that its position was substantially justified. . . . The 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action.")); see also 28 U.S.C. § 2412(d)(1)(B). The federal respondents have not met their burden. When denying petitioner's release on bond, the immigration judge's determination that petitioner was subject to mandatory detention flagrantly disregarded the declaratory relief that had already been issued by this District, see Rodriguez Vazquez v. Bostock, 802 F. Supp. 3d 1297 (W.D. Wash. 2025), aff'd, 183 F.4th 1160 (9th Cir. 2026), petition for cert. filed, No. 26-568 (Oct. 29, 2026), and the immigration judge's findings of flight risk and dangerousness were not supported, but rather contradicted, by the record, see Order at 8–9 (docket no. 10). Moreover, the federal respondents acted without the requisite candor to the Court in asserting that petitioner had not disputed the account of her arrest set forth in a DHS Form I-213, which had been prepared by an officer who was not present at the scene and did not have personal knowledge of the events. See id. at 8. Finally, the federal respondents' reliance on the immigration judge's conclusory written decision, which lacked any reasoning, was entirely misplaced. See id. at 9. Neither the

denial of petitioner's release on bond nor the federal respondents' arguments in their habeas return were "substantially justified." Thus, pursuant to EAJA, petitioner is AWARDED the requested attorney's fees and costs.[2]

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Petitioner's motion for attorney's fees and costs, docket no. 21, is GRANTED;

(2) The amount of $12,328.54 in attorney's fees and $5.00 in costs, for a total of $12,333.54, is AWARDED under EAJA, and such amount, less any offset for petitioner's qualifying debts, shall be paid via check made payable to NWIRP, which shall be mailed to NWIRP within sixty (60) days of the date of this Order; and

(3) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 16th day of November, 2026.

Thomas S. Zilly
United States District Judge

[2] Petitioner has assigned these EAJA fees and costs to NWIRP. *See* Becker Decl. at ¶¶ 4–5 (docket no. 22). Thus, the EAJA fees and costs shall be payable directly to NWIRP, subject to verification that petitioner does not have any debts that qualify for offset against the awarded fees, pursuant to the Treasury Offset Program as outlined in *Astrue v. Ratliff*, 560 U.S. 586 (2010).